IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| NORTHSTAR MARINE, INC., | : | |
| | : | Civil No. 12-04438 (RBK/KMW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| R&A MARINE, LLC, R&A MARINE, INC., RAYMOND AND ASSOCIATES, LLC, AND RAYMOND H. LaFORCE, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the unopposed motion of Defendants to dismiss Plaintiff's complaint for lack of personal jurisdiction and lack of proper venue, or, in the alternative, to transfer the matter to the United States District Court for the Southern District of Alabama. Plaintiff Northstar Marine, Inc. ("Plaintiff") asserts claims against Defendants R&A Marine, LLC, R&A Marine, Inc., Raymond and Associates, LLC, and Raymond H. LaForce ("Defendants"), for breach of contract, unjust enrichment, and to pierce the corporate veil. Because the Court lacks personal jurisdiction, Defendant's motion to dismiss is GRANTED.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Northstar Marine, Inc., is a New Jersey corporation. Compl. ¶ 11. Defendants R&A Marine, LLC[1] ("R&A LLC") and Raymond & Associates, LLC are Alabama limited liability companies with their principal places of business in Alabama, while Defendant R&A

---

[1] Defendants aver that named defendant R&A Marine, Inc. does not exist. Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 1.

Marine, Inc. is an Alabama corporation with its principal place of business in Alabama. *Id.* ¶¶ 7-9. Defendant Raymond H. LaForce, a citizen of Alabama, is the sole member and controlling officer of these entities. *Id.* ¶ 10.

Plaintiff alleges that, on or about September 1, 2010, the parties entered into a Response Resource Agreement (the "Resource Agreement"). The Resource Agreement provided that R&A LLC would supply vessels, crews, and equipment to Plaintiff in support of its efforts in the cleanup of the 2010 British Petroleum Deepwater Horizon oil spill in the Gulf of Mexico. *Id.* ¶ 1. The Resource Agreement was signed by Raymond Laforce on behalf of R&A LLC. Compl. Ex. A. The Resource Agreement provided that Plaintiff would remit payment to R&A LLC once Plaintiff was paid by the "Responsible Party client."[2] *Id.* ¶ 2. Notwithstanding this provision, Plaintiff paid R&A LLC's invoices upon receipt. *Id.* ¶¶ 3-4, 15-21. According to Plaintiff, this resulted in an overpayment in the amount of $473,850.00 when the Responsible Party client denied payment to Plaintiff.[3] *Id.*

Plaintiff claims that R&A LLC breached the Resource Agreement by refusing to return the overpayment. *Id.* ¶¶ 17, 21-23. The Resource Agreement contains a forum selection clause identifying the United States District Court for the District of New Jersey as the proper venue for disputes arising out of the Resource Agreement. Compl. Ex. A ¶ 16. Relying on this provision, and on the basis of diversity, Plaintiff filed suit in this Court. 28 U.S.C. § 1332; Compl. ¶¶ 12-13. Defendants contend that the parties' relationship is not governed by the Resource Agreement, but rather, by another set of agreements called the "Charter Agreements." Defs.'

---

[2] This party is never identified by name in either the Complaint or Defendants' brief.

[3] Plaintiff claims that the invoices at issue did not correctly identify that the billed amounts included demobilization work beyond the off-hire date, rather than encompassing only spill cleanup work. Compl. ¶¶ 5, 15-16. As a result of this alleged error, the Responsible Party client audited these invoices and denied payment to Plaintiff. *Id.* ¶ 4.

Mem. of Law in Supp. of Mot. to Dismiss at 14-15. The Charter Agreements contain no forum selection provision. *Id.*

## II. STANDARD

On a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing such jurisdiction. *See Mellon Bank (East) P.S.F.S. v. Farino,* 960 F.2d 1217, 1223 (3d Cir.1992). The plaintiff must sustain its burden of proof through sworn affidavits or other competent evidence. *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984). Plaintiff cannot rely on allegations contained in the "bare pleadings" alone to sustain this burden. *Id.* "A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings." *Id.*

## III. DISCUSSION & ANALYSIS

Defendants advance three principal arguments in support of their motion to dismiss. First, they argue that the Court lacks personal jurisdiction over them. Second, they contend that the Resource Agreement is invalid, thus rendering the forum selection clause hailing them into this Court unenforceable. Alternatively, they assert that the Southern District of Alabama, not the District of New Jersey, is the proper venue for this action.

Plaintiff has failed to oppose Defendants' motion and, thus, has not carried its burden of establishing jurisdiction. The Third Circuit has been clear that a 12(b)(2) motion is "inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Time Share Vacation Club*, 735 F.2d at 67 n.9. Because of the factual sensitivity of a 12(b)(2) analysis, "at no point may a plaintiff rely on the bare pleadings alone in order to

3

withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id.*

Although Plaintiff may not rely on the bare pleadings, Plaintiff did attach the Resource Agreement to the Complaint. However, Plaintiff has failed to demonstrate that the Resource Agreement was a valid contract and, thus, that the forum selection clause was enforceable.[4] Plaintiff conclusorily alleges that the parties "entered into a Response Resource Agreement" but has not shown that the Resource Agreement satisfied the necessary elements of a valid contract. In order for a valid contract to exist, a plaintiff must establish: (1) a meeting of the minds, (2) an offer and acceptance, (3) consideration, and (4) reasonably certain contract terms. *See Big M, Inc. v. Dryden Advisory Grp.*, CIV A 08-3567 (KSH), 2009 WL 1905106 at *13 (D.N.J. June 30, 2009). An offeree may demonstrate assent in satisfaction of the first two elements "through words, creating an express contract, or by conduct, creating a contract implied-in-fact." *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992). Plaintiff has provided an undated document signed only by Defendants. Although, under certain circumstances, it is possible for an agreement signed only by one party to be enforceable, Plaintiff has failed to provide any evidence or even allegation that the requirements for an enforceable contract were satisfied here. *See DirecTech Delaware, Inc. v. Allstar Satellite, Inc.*, CIV.A. 08-CV-3527, 2010 WL 1838573 at * 4 (D.N.J. May 6, 2010) (finding that an agreement signed only by one party can constitute a valid contract where the other party has rendered "sufficient performance consistent with the terms of the contract to manifest an acceptance of the contract."). Therefore, the forum selection

---

[4] Forum selection clauses are "presumptively valid" and enforceable unless a party resisting such a clause can establish: (1) "that [the clause] is the result of fraud or overreaching; (2) that enforcement would violate a strong public policy of the forum; or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Because the Plaintiff has not established a valid contract, however, the Court need not assess the validity of the forum selection clause.

4

clause is not a basis for jurisdiction. Because Plaintiff failed to oppose Defendants' motion to dismiss or demonstrate the enforceability of the forum selection clause, the Court will grant Defendants' motion to dismiss for lack of personal jurisdiction.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiff's claims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) is GRANTED. An appropriate order shall issue today.


Dated: 7/23/2013					/s/ Robert B. Kugler
							ROBERT B. KUGLER
							United States District Judge